Action to recover damages by reason of a collision caused by alleged negligence of defendant company.
Plaintiff alleged and offered evidence tending to show that on or about 19 February, 1910, plaintiff had a train on the main line of the Seaboard track at Aberdeen, N.C. and had been given proper permit to occupy said track for ten minutes, and within the time the train was negligently run into and seriously damaged by train No. 43 of defendant company, being a passenger train going south.
Defendant answered, denying negligence and charged contributory negligence on part of plaintiff. Defendants, by further averment, alleged that plaintiff's agents and employees were entirely to blame in the matter and had negligently caused the collision, thereby great damage was suffered by defendant company.
On issues submitted, the jury rendered the following verdict:
1. Was the property of the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
2. Did the plaintiff by its own negligence contribute to the injury of its property, as alleged in the answer? Answer: No.
3. Notwithstanding the negligence of the plaintiff, could the defendant by the exercise of ordinary care have avoided the injury to plaintiff's proper? Answer: Yes.
4. What damage, if any, is the plaintiff entitled to recover of (371) the defendant? Answer: $8,000.
5. Was the defendant's property injured by the negligence of the *Page 292 
plaintiff, as alleged and set out in the counterclaim pleaded by the defendant? Answer: No.
Judgment on the verdict for plaintiff, and defendant excepted and appealed.
After full and careful consideration, the Court is of opinion that the cause should again be submitted to the jury. There was evidence to the effect that on 19 February, 1910, a train of plaintiff company was on the main line of defendant's track at Aberdeen, N.C. with a permit to remain there for ten minutes, the evidence tending to show that the time would expire at 8:46 p.m. It was about the schedule time for a passenger train of defendant, No. 43, to arrive at Aberdeen, and plaintiff's conductor was at first refused permission, but on the necessity for it being urged, and No. 43 being reported late after consulting the train dispatcher at Hamlet, permission was given and the train entered on the track as stated, the purpose being to back the train and leave three sleepers on a siding, that they might be attached to a train of defendant company going north. While standing on the track and just as it was being signaled to back for the purpose indicated, the train was run into by passenger train of defendant company, No. 43, causing great damage to plaintiff's engine and several of the cars composing the train. The testimony showed that the track of defendant road towards the north was practically straight for a mile, affording ample opportunity for employees of defendant operating its train to observe and note the present placing of plaintiff's train, and that 43 approached the station at about twenty to twenty five miles per hour.
The evidence of plaintiff tended to show that the time limit of its permit had not expired at the time of the collision, and there was evidence on part of defendant tending to show that same occurred after the time limit had expired.
(372) Upon this statement, sufficient to present the case in its general aspects, we are of opinion that the cause should be tried and determined on the three issues of negligence on part of defendant, contributory negligence on part of plaintiff, and, third, the issue as to damages in case the answer on the first and second require that the third issue should be determined. If the collision occurred before the time limit expired, the first issue should be answered in favor of plaintiff; and if before such time plaintiff was negligent in failing to get its train out of the way under the rules of law properly applicable, the second *Page 293 
issue should be answered for defendant, this to be determined on the entire facts relevant to the inquiry, including the fact that it was there by permit from defendant company and with the purpose at the time of backing its train onto a siding.
If the collision occurred after the time limit expired, then, in view of all the facts in evidence, the obligation on the part of plaintiff's agents and employees to keep vigilant and continuous outlook and remove the train in time to avoid a collision was so insistent that a breach of duty in this respect would amount as a conclusion of law to contributory negligence continuing to the time of impact, and no recovery by plaintiff should be allowed.
In this view there is no place for the doctrine of the last clear chance, for all the controlling facts as to defendant's liability may, and in this case should, be determined on the first and second issues.
In the charge on the first issue and on the third as to the existence of the last clear chance, and on the fifth issue, that as to the responsibility of plaintiff, the court in various ways submitted the question of whether the remaining on the track by plaintiff's train after the time limit had expired was or was not the proximate cause of the injury, and in our view and considering the difficulty in obtaining the permit to enter on the track and the imminence of the arrival of No. 43, and other facts relevant to the inquiry, we think this was prejudicial error which entitles defendant to a new trial. Whether the collision occurred before or after the time limit expired, the defendant may not be allowed to recover, for the entry on the track was by its permission, and on all the evidence, if the placing of plaintiff's train constituted an obstruction (373) on the main line in the direction defendant's passenger train was moving, the attendant circumstances showed that the defendant's employees had ample opportunity to have observed this and stopped its train in time to have avoided a collision. The view presented is in accord with the general principles applicable, as shown in Exum v. R. R.,154 N.C. 418; Edge v. R. R., 153 N.C. 212, and other cases.
For the error indicated, we are of opinion that there should be a
New trial.
Cited: S. c., 164 N.C. 395. *Page 294